IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY LAVON COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv141-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

On February 17, 2010, Gary Lavon Cooper ("Cooper"), a federal inmate, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. By that motion, Cooper challenges the conviction and sentence imposed on him by this court in 2007 for being a felon in possession of a firearm. This court directed the government to file a limited response addressing the applicability of § 2255's one-year limitation period to Cooper's motion, *see* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] (Doc. No. 2.) In its response (Doc. No. 3), the government argues that Cooper's motion was filed after expiration of the one-year period of limitation and is therefore time-barred.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings and court records reflect that Cooper was convicted under a guilty plea entered on September 10, 2007, and that he was sentenced (to 140 months in prison) on December 3, 2007. (Doc. No. 3 at 2.) Judgment was entered by the district court on December 28, 2007. (*Id*.) Cooper did not file a direct appeal. By operation of law, then, Cooper's conviction became final on January 7, 2007, upon expiration of the time for him to file a direct appeal (i.e., 10 days after entry of judgment by the district court).[2] Thus, Cooper had until January 7, 2008, to file a timely § 2255 motion. The instant motion was not filed until February 17, 2010.[3]

---

[2]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within ten days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).

[3]Cooper apparently signed his original pleading on February 17, 2010. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date.

It does not appear that any of the statutory exceptions specified in 28 U.S.C. § 2255 ¶ 6 (2)-(4) apply in this case. Specifically, Cooper's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Cooper from filing an earlier motion. Nor does Cooper appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired well before Cooper filed his § 2255 motion. Accordingly it is

ORDERED that on or before April 16, 2010, Cooper shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 26th day of March, 2010.

                                        /s/Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

---

*See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).